## Williams *v.* Meadville and Cambridge Springs Street Railway Company, Appellant.

*Negligence—Statement of claim—Evidence—Allegata and probata—Variance.*

In an action of trespass for negligence, the fact that the testimony does not bring out every detail alleged in the statement, cannot be regarded as any violation of the rule that the proofs and the allegations must agree. The proof and allegation must not differ or contradict each other. If the testimony sustains all the material allegations of the statement, that is sufficient.

*Negligence—Damages—Charge of court.*

In an action of trespass for negligence the court cannot be convicted of error because it mentions in the charge the amount claimed in the state-

ment, if it appears that the court also charges that the jury are not obliged to find that amount, but can find no more than that, and can find any amount near to or less than that which they may deem proper under the circumstances of the case.

Argued May 22, 1906.  Appeals, Nos. 165 and 166, April T., 1906, by defendant, from judgment of C. P. Crawford Co., Feb. T., 1905, No. 96, on verdict for plaintiff in case of Stanley Williams, by his next friend and father, Amos C. Williams, v. The Meadville and Cambridge Springs Street Railway Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Trespass to recover damages for personal injuries to a minor. Before THOMAS, P. J.

The defendant presented the following point:

1. There being no proof of any negligence on the part of the defendant as alleged in the declaration filed by the plaintiff, such negligence on the part of the defendant cannot be presumed and there can be no recovery by the plaintiff in this case, and the verdict should be for the defendant.    *Answer:* Refused. [1]

Verdict and judgment for Amos C. Williams for $200 and for Stanley Williams for $1,000.    Defendant appealed.

*Errors assigned* were (1) refusal of point as above; and (2) portion of charge quoted in the opinion of the Superior Court.

*Alfred G. Church,* for appellant, cited: Missouri, etc., Ry. Co. v. Nesbitt, 88 S. W. Repr. 891.

*Thomas J. Prather,* for appellee.

OPINION BY BEAVER, J., October 5, 1906:

The first question involved, as stated by the appellant, is:
" Plaintiffs' statement set forth in detail alleged acts of negligence on part of defendant.    The evidence failed to prove the allegations.    Can the variance between the allegations and proofs sustain the verdicts rendered and judgment entered thereon? "

The evidence, as we read it, sustained the general allegation

upon which the negligence of the defendant was based. Some
of the details could have been omitted from the statement,
without in any way weakening it. It is not a question, how-
ever, as to whether the proofs sustain all the allegations of the
declaration. The proof was in harmony throughout with the
statement of the cause of the accident, upon which the neg-
ligence of the defendant was based. The jury was justified in
inferring negligence from the facts as proved. Of this there
can be no doubt. The fact that the testimony did not bring
out every detail alleged in the statement cannot be regarded as
any violation of the rule that the proofs and the allegations
must agree. As we interpret it, that means that they must
not differ; they must not contradict each other; they must be
in harmony. In this respect the proofs and the declaration so
far agree as to be in harmony with the rule. The testimony
sustains all the material allegations of the statement, and this,
as we understand it, is all the rule requires.

The other question is based upon the second assignment of
error, which is : "The court erred in charging the jury as fol-
lows : ' Under the declaration, they are not claiming more than
$1,000 for permanent injury, that is, for the injury he will sus-
tain subsequent to the present time or after he becomes twenty-
one years of age, and subsequent to the time of bringing this
suit. So far as Stanley is concerned, that is what they claim
for permanent injury, but they have declared for $2,000 for in-
jury up to the present time. It is not for you to say they shall
have that much, but for you to say how much under the evi-
dence they shall have; but what we say is, you cannot go beyond
those amounts ; that is, the father has declared for $1,000, and
you cannot go beyond that amount, however much less you
may find. You may find anything less or nothing at all,—
whatever you think the evidence will warrant. But Stanley's
claim is for $1,000 for permanent injury and $2,000 for the
injury up to the time of filing this declaration. You are not
obliged to find that amount, but can find no more than that on
the separate items, but can find any amount near to or less than
that you may deem proper under the circumstances of the
case.' "

The court having previously explained to the jury what the
measure of damages was in the case of both father and son, for

whom separate verdicts were to be rendered, and having practically limited a recovery to compensation under instructions, which are not complained of, we can see no error in this. The amount to be recovered having been limited by the court to the amount stated in the declaration, the instructions were not only correct, but were in the interest of the defendant.

The testimony of Dr. Taylor, which was very full and detailed, as to the character of the accident, the result of the operation which necessarily followed, the condition of the lad's foot and the suffering and other inconveniences which resulted, gave the jury an excellent basis for the exercise of their discretion as to the amount of damages to be awarded under the rule laid down by the court. The jury having awarded the father the sum of $200, and the son $1,000 which in the verdict was divided into "$250 for injuries and pain sustained up to the present time, and for permanent injuries $750," we cannot see that there was any failure on their part to exercise a sound discretion.

The verdict cannot be deemed excessive, and the question of negligence having been determined upon proper evidence, the admission of which is not here questioned, we see no reason to interfere with the judgment.

It is, therefore, affirmed.