# Lentz *v.* Raum, Appellant.

*Appeals—Assignments of error—Opinion of court below.*

1. An assignment of error to a portion of the opinion of the court below discharging a rule for judgment n. o. v. is irregular and will not be considered.

2. On an appeal from a judgment on a verdict in an action for false arrest, an assignment of error is not self-sustaining which merely avers that "the court erred in submitting the question of probable cause to the jury."

*False imprisonment—Requisites of action—Detention of person.*

3. To constitute the injury of false imprisonment the two requisites are (1) the detention of the person, and (2) the unlawfulness of such detention.  A previous judicial proceeding not being an essential element of the injury, the rule applicable to malicious prosecution that the termination of the proceeding is a condition precedent to the institution of the action for the injury, does not apply to a false imprisonment which, in fact, was not based on a judicial proceeding.

*False arrest—Action against policeman—Conflicting testimony—Probable cause—Case for jury.*

4. In an action against a policeman for a false arrest the defendant testified that he had a general order to arrest anyone who attempted to peddle fruit or fish and blow a horn upon the streets of a city after ten o'clock at night; that shortly after this hour the plaintiff, a huckster, was notified by and promised the defendant to refrain from blowing his horn; that after he had passed from defendant's view, the plaintiff, or some one in his wagon, blew the horn again, whereupon the defendant arrested him and took him to the station house where he was detained for a time.   Plaintiff testified that the notification was given him before ten o'clock, and that his horn was not blown afterwards.  *Held,* (1) that the question as to whether plaintiff blew his horn was, on the conflicting testimony, for the jury; (2) that the question whether the defendant had probable cause for arresting the plaintiff, was for the jury.

5. Where there is no dispute in relation to the facts or doubt as to the inferences to be drawn therefrom, it is for the court to determine whether they constitute probable cause, but where the evidence is contradictory, or the facts admit of contrary inferences, the jury must say, under proper instructions, whether there was probable cause.

Argued Nov. 11, 1914.  Appeal, No. 124, Oct. T. 1914, by defendant, from judgment of C. P. Lancaster

Co., Sept. T., 1911, No. 24, on verdict for plaintiff in case of Charles C. Lentz v. Samuel Raum. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass for false arrest. Before HASSLER, J.

At the trial it appeared that the defendant, a policeman, arrested the plaintiff, a huckster, on the night of August 19, 1911, for blowing a horn after ten o'clock at night. The evidence as to whether the plaintiff blew the horn after he had been warned not to do so, was conflicting. The jury returned a verdict for plaintiff for $300. The court discharged a rule for judgment for defendant n. o. v. in an opinion by HASSLER, J.

*Errors assigned* were in the following form:

1. The court erred in not entering judgment for the defendant non obstante veredicto.

2. The court erred in holding in its opinion "that the plaintiff did not prematurely bring this suit, even though it had been proven that the proceedings had not been previously disposed of.

3. The court erred in holding in its opinion that plaintiff was discharged prior to the beginning of this action.

4. The court erred in holding in its opinion that "The prosecution of August 26 was a new proceeding against the plaintiff for the same offense, as at that time the complaint was signed. This, in our opinion, was an afterthought on the part of the defendant to invalidate the suit which the plaintiff had then brought against him.

5. The court erred in submitting the question of probable cause to the jury.

6. The court erred in not affirming defendant's point that under the law and the evidence the verdict should be for the defendant.

*Bernard J. Myers,* for appellant, cited: Travis v. Smith, 1 Pa. 234; McCarthy v. De Armit, 99 Pa. 63; Smith v. Ege, 52 Pa. 419; Cole v. Curtis, 16 Minn. 182.

*J. W. Brown,* with him *Wm. R. Brinton* and *E. P. Brinton,* for appellee, cited: McCarthy v. DeArmit, 99 Pa. 63; Castro v. DeUriarte, 12 Fed. Rep. 250; McAleer v. Good, 216 Pa. 473; Mikelberg v. Phila. Rapid Transit Co., 16 Pa. Dist. Rep. 906; Zebley v. Storey, 117 Pa. 478; Delany v. Lindsay, 46 Pa. Superior Ct. 26; Keener v. Jeffries, 54 Pa. Superior Ct. 553; Heide v. Balt. & Ohio R. R. Co., 40 Pa. Superior Ct. 590.

OPINION BY RICE, P. J., February 24, 1915:

The second, third and fourth assignments of error are criticised by appellee's counsel as relating to the reasons given by the court for its action and therefore to matters not assignable for error. The fifth is also criticised as not being self-sustaining. These criticisms are well-founded. But the first and sixth assignments, while not in strict form, indicate the substantial question sought to be raised by the appeal, namely, whether the defendant was entitled to binding direction in his favor. That question will be considered.

1. The fundamental distinction between the injury of malicious prosecution and the injury of false imprisonment necessitates different rules of pleading and evidence. The action for the former, though, under the Act of May 25, 1887, P. L. 271, the same in name as the action for the latter, is essentially different from it. It presupposes a previous judicial proceeding and, ordinarily, its termination favorable to the defendant therein: 19 Cyc. of Law & Pro. 356. But to constitute the injury of false imprisonment the two requisites are: "1. The detention of the person; and, 2. The unlawfulness of such detention:" 3 Bl. Com., Lewis's ed., 127. A previous judicial proceeding not being an essential

element of the injury, obviously the rule applicable to
malicious prosecution, that the termination of the pro-
ceeding is a condition precedent to the institution of an
action for the injury, does not apply to a false im-
prisonment which, in fact, was not based on a judicial
proceeding. Therefore, the court was right in refusing
to charge that the action was prematurely brought.
This conclusion is amply vindicated by the well con-
sidered opinion rendered by Judge HASSLER in over-
ruling defendant's motion for judgment non obstante
veredicto.

2. The defendant further bases his contention that the
court ought to have given binding direction in his favor,
upon the alleged facts, that he was a police officer act-
ing under general orders of his superior to arrest anyone
who attempted to peddle fruit or fish and blew a horn
upon the streets of the city after ten o'clock at night;
that shortly after this hour the plaintiff, a huckster, was
notified by and promised the defendant to refrain from
blowing his horn; that after he had passed from defend-
ant's view plaintiff or some one in his wagon blew the
horn again; whereupon the defendant pursued and ar-
rested him for disorderly conduct, and took him to the
station house, where he was detained for a time. On
the other hand, plaintiff testified that the notification
was given a few minutes before ten o'clock, and that his
horn was not blown afterwards. It is thus seen that,
even if it be conceded that plaintiff's blowing of the
horn after notification and promise to refrain would
have been justifiable cause for his arrest without war-
rant, and imprisonment, the question whether he com-
mitted the act was in dispute, and, therefore, it was the
exclusive province of the jury to determine it.

It is argued that, although plaintiff did not commit
the act, yet, if defendant had reasonable ground of
suspicion supported by circumstances sufficient to war-
rant an ordinarily prudent man in believing he did, he
had probable cause for arresting him and this would be

a defense. The learned trial judge so charged the jury, but, under the conflicting evidence as to the occurrences, he would not have been warranted in declaring, as matter of law, that probable cause was conclusively established. When one is arrested without warrant, for an offense of which he is innocent, the burden is cast on the person who made the arrest of proving that he had probable cause to make it: McCarthy v. DeArmit, 99 Pa. 63; McAleer v. Good, 216 Pa. 473. In general what constitutes probable cause is for the court to determine, and in some states of the evidence it is its duty to declare to the jury that it did or did not exist in the particular case: McCoy v. Kalbach, 242 Pa. 123. In many other conditions of the evidence it is a mixed question, partly for the court and partly for the jury, and this is often so where actual belief is one of the elements involved: Schofield v. Ferrers, 47 Pa. 194. The rule defining the province of the court and jury was thus stated by Judge HENDERSON in Delany v. Lindsay, 46 Pa. Superior Ct. 26: "The essential element is such a reasonable ground of belief as would cause an ordinarily prudent man to act. Where there is no dispute in relation to the facts or doubt as to the inferences to be drawn therefrom it is for the court to determine whether they constitute probable cause, but where the evidence is contradictory or the facts admit of contrary inferences the jury must say under proper instructions whether there was probable cause." The nature of the act and its consequences have something to do in the determination of the question whether the defendant had reasonable cause to do what he did. Whether a horn was blown after plaintiff passed into another street and out of defendant's view, whether it was blown by plaintiff, and, if not, whether the direction from which the sound came was in itself such reasonable ground of belief that the plaintiff blew it as to justify the defendant in arresting him, were properly questions for the jury. No particular part of the charge is as-

signed for error, and, therefore, the court's instructions as to what is necessary to constitute probable cause are not before us for review. Upon the question, and the only question, that is fairly raised by the assignments the court was right in its conclusion.

The assignments of error are overruled and the judgment is affirmed.