## Tyler *v.* Philadelphia Ritz-Carlton Company.

*Trespass—Assault and battery—False arrest — Hotels — Ejectment from—Case for jury.*

In an action to recover damages for assault and battery and for false arrest and imprisonment against a private policeman of a hotel company, the case is for the jury and a verdict for the plaintiff will be sustained where the evidence, if believed, established the fact that the employee of the hotel used excessive force in making an arrest, called the defendant abusive names and acted in an unnecessarily rough manner in ejecting him from the hotel.

Under such circumstances, it was error to enter judgment for the defendant non obstante veredicto.

*Malicious prosecution—Verdict of guilty in criminal proceedings —Prima facie evidence of probable cause.*

In an action for damages for false arrest, the general rule is that a conviction in the criminal proceedings is conclusive proof of probable cause, unless procured by false or fraudulent testimony or other unlawful means. Such a conviction is therefore open to inquiry as to the means by which it was brought about, and it may be rebutted by proving that it was obtained illegally.

Where one enters a hotel open for the entertainment of the public the proprietor is bound to see that he is properly protected from the assaults or insults of those who are in the proprietor's service and this is particularly true if the condition of the person so assaulted is brought about by the sale of liquor by the hotel.

Argued October 17, 1919. Appeal, No. 188, Oct. T., 1919, by plaintiff, from judgment of C. P. No. 4, Phila. County, June T., 1918, No. 3433, for defendant non obstante veredicto in the case of Owen Tyler v. Philadelphia Ritz-Carlton Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ. Reversed.

Trespass to recover damages for false arrest and assault and battery. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for fifteen hundred ($1,500) dollars. Subsequently the court on the defendant's motion entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

The court charged in part as follows:

"There is one fact, it seems to me, which will take away from your consideration one of those subjects, and that is that the plaintiff here has permitted the judgment of the magistrate in the action against him upon the charge of disorderly conduct to remain unappealed from, so that he now stands convicted by a court of competent jurisdiction of having been a disorderly person

upon that day, and that I say, unappealed from must stand and be recognized as a legal fact in this case. There flows from that the legal inference—no matter what we may think about the real truth of the matter—the legal inference that you must take in this case—and I charge it to you as a matter of law and you must not deviate from it—that the conviction of the magistrate is conclusive evidence of there being probable cause for the arrest of Mr. Tyler in this case, so that there must be no damages allowed whatever in this case for the mere arrest, or the mere fact that he was arrested. Whether he was guilty in your opinion or innocent of disorder, there must be no damages allowed by you on that score whatever."

*Error assigned* was the charge of the court as quoted in the bill of exceptions and in entering judgment for the defendant non obstante veredicto.

*Theodore F. Jenkins,* for appellant, cited: Rommel v. Schambacher, 120 Pa. 579; McCarthy v. DeArmit, 99 Pa. 63; Grohmann v. Kirschman, 168 Pa. 189; Strawbridge v. Hawthorn, 47 Pa. Superior Ct. 647; Squires v. Job, 50 Pa. Superior Ct. 289.

*Thomas Ridgway,* for appellee, cited: Perry v. P. R. R., 41 Pa. Superior Ct. 591; MacDonald v. Schroeder, 214 Pa. 411.

OPINION BY HENDERSON, J., February 28, 1920:

This case arose out of the arrest of the plaintiff for alleged drunkenness and disorderly conduct at the hotel of the defendant company in Philadelphia. The plaintiff had been at the hotel during the day with his wife and a friend of hers, Mrs. Vannaman. The ladies had arrived at the hotel the night before from Atlantic City and remained all night; the plaintiff joined them the next morning. The question having arisen in the mind

of the hotel clerk as to the responsibility of the party for their bill, notice was sent to Mrs. Vannaman to come to the office and pay the bill. The plaintiff and his wife were with her, whereupon the plaintiff went to the office and complained about the conduct of the management in demanding pay at that time and arranged for the payment of the bill. The plaintiff alleged that one, Downey, said to be a "special officer" of the hotel came up while he was talking to the clerk and in very forcible language said that he, the plaintiff, had not any right in the room occupied by his wife and Mrs. Vannaman; that he "was a four-flusher and he knew my type of man, and that was not my wife, and the Ritz-Carlton hotel was not going to stand any such things as happened around that house." Soon afterward the plaintiff paid the bill for Mrs. Vannaman's room and some checks for refreshments. About this time Mrs. Tyler and Mrs. Vannaman came to the office and while they were standing there, Downey came up and applied the same terms to the plaintiff that he had used earlier in the evening, using language which was insulting and affronting to a woman or man. The plaintiff and Downey had some discussion, whereupon the latter seized him by the arm and coat and said he was going to blow the top of his head off and that he would lock him up; thereupon he put him out of the hotel. His wife who witnessed the action said that Downey practically dragged him out of the hotel. He was taken to the office of a police magistrate where a charge of disorderly conduct was preferred against him and the next morning he had a hearing before the magistrate and was fined. Downey and a clerk at the hotel were the witnesses against him. The action was brought to recover for a false arrest and for assault and battery. If the plaintiff's statement of the case was correct, an inexcusable assault was made on him by the special officer and an action for the trespass could be sustained. The defense presented was, first, that there was probable cause for

the arrest as shown by the conviction before the magistrate, and, secondly, that no more force was used than was necessary. The learned trial judge instructed the jury with reference to the prosecution, that the conviction was conclusive evidence of probable cause and the plaintiff could not recover on that branch of the case. The jury was instructed, however, that if the officer chose to act in an unnecessarily insulting manner, or with excessive force in making the arrest, for example, if he told the plaintiff "he was a four-flusher, and had a yellow streak, and he knew his kind, and he would blow the top of his head off, and said: 'Give me your right name,'" insinuating that he was acting under an alias as thieves and improper persons do all those things were wrong, if they were done, and if they were done in the process of the arrest, they aggravated the arrest and are the subject of damages. The jury was thus permitted to inquire whether the arrest was made under the circumstances and with the force shown by the evidence of the plaintiff, and if so found, to render a verdict for the plaintiff. The occasion for the arrest, as alleged by the defendant, was the intoxicated condition of the plaintiff and his boisterous conduct in the hotel. Evidence was offered to show that he was intoxicated and there is testimony showing that while visibly intoxicated, he was served drinks from the bar by the defendant. The bill so contracted was part of the charge against Mrs. Vannaman with respect to which the trouble arose. Where one enters a hotel open for the entertainment of the public, the proprietor is bound to see that he is properly protected from the assaults or insults of those who are in the proprietor's service, and this is particularly true if the condition of the person so assaulted is brought about by the sale of liquor to him by the hotel: Rommel v. Schambacher, 120 Pa. 579. The duty was on the defendant, to protect the plaintiff against assaults from the employees of the hotel. Without regard therefore to the question whether

the plaintiff could controvert the proceeding before the magistrate and show that conviction was secured by undue means or untrustworthy evidence, there was a question as to the use of epithets and unreasonable force in the conduct of the special officer. What his authority was is not disclosed by the evidence; he was apparently a hotel detective. Assuming that he had a right to make an arrest on view for disorderly conduct, that must have been done in an orderly way. The officer himself says that the arrest was not made until they reached the sidewalk; that what he did was to eject the plaintiff from the hotel and that when they were out on the sidewalk, he said to the plaintiff: "You get away from here," whereat the latter applied an epithet to him and said: "You couldn't lock me up. You couldn't take me to the station house." Whereupon Downey said to him: "I'm going to accommodate you," and immediately took him to the station house and preferred the charge. On a rule for judgment non obstante veredicto the learned trial judge reached the conclusion that the evidence did not exhibit such force as would support the charge of assault and battery. After having examined the evidence with care, we are unable to agree with the conclusion thus reached. The court would not have been warranted in granting a nonsuit at the close of the plaintiff's testimony, and the most that was done for the defense was to contradict the prima facie case made out by the plaintiff. That left the whole question for the jury, at least on the evidence of the alleged insulting, violent and excessive actions of the defendant's detective.

We are not prepared to agree with the court that the conviction before the magistrate was absolutely conclusive as to probable cause. It was held in Grohmann v. Kirschman, 168 Pa. 189, that while courts have differed as to the conclusive effect of a conviction, the true principle seems to be that in a trial for malicious prosecution or false arrest, a verdict of guilty is strong prima facie evidence of probable cause, but it may be rebutted

by proof that it was obtained by corrupt or undue means. This case was referred to in MacDonald v. Schroeder, 214 Pa. 411, with approval, and the general rule on this question recognized by text writers, as well as by the courts of many states, was said to be that a conviction in the criminal proceedings is conclusive proof of probable cause unless procured by false or fraudulent testimony or other unlawful means. Such a conviction is therefore open to inquiry as to the means by which it was brought about. We do not deem it necessary, however, to predicate anything of this branch of the case, for we consider the evidence sufficient under all of the circumstances disclosed to send the case to the jury on the alleged assault. Reliance is placed by the appellee on Perry v. Penna. R. R. Co., 41 Pa. Superior Ct. 591. That case was disposed of, however, on different questions from those involved in the present appeal. The plaintiff alleged that he was a passenger on the train and that he was wrongfully ejected; whereas it appeared that he was not a passenger, but a discharged employee, and the car from which he was removed was not a passenger car. The complaint as to the unlawful arrest related to the conduct of city policemen who arrested the plaintiff. The railroad company was not responsible for the acts of a city policeman in making the arrest for disorderly conduct after the plaintiff had been ejected from the dining car. He therefore failed to prove the right which he averred to be on the train as a passenger and the wrong with which he charged the defendant company in the unlawful arrest. The case necessarily failed as a result of the failure to sufficiently support the averments of the statement of claim. In the case before us there is no doubt of the relation of the special officer to the defendant, nor of the responsibility of the latter if its employee exceeded his privilege with respect to the seizure of the plaintiff. There was error, therefore, in entering judgment for the defendant non obstante veredicto. The case was submitted to the jury

on a very fair charge as to the facts and there was evidence on which the jury might find for the plaintiff.

The judgment is reversed, and judgment directed to be entered on the verdict.