# Tyler *v.* Philadelphia Ritz-Carlton Company, Appellant.

*Trespass—Malicious prosecution—Exemplary damages — Question for jury.*

In an action of trespass to recover damages for malicious prosecution, the question of exemplary damages is for the jury, where the evidence is that the plaintiff was arrested by the defendant's special officer under circumstances of insult, indignity and maliciousness. The jury in such a case is not confined to the actual damage sustained, but may go further, if there are circumstances of aggravation or outrage. If the act be wilfully and maliciously done or if, in the absence of malice, it was committed under circumstances of oppression, outrage or recklessness, the rule is that exemplary damages may be awarded.

Argued October 6, 1920. Appeal, No. 146, Oct. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1918, No. 3433, in the case of Owen Tyler v. Philadelphia Ritz-Carlton Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for false arrest and imprisonment. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court, and in former appeal, 73 Pa. Superior Ct. 427.

Verdict for plaintiff in the sum of $1,500.

Judgment was entered for the defendant non obstante veredicto.

On appeal to the Superior Court the court reversed the action of the court below and directed judgment on

the verdict to be entered. Defendant then took this appeal.

*Error assigned* was the charge of the court.

*Thomas Ridgway,* for appellant.—Punitive damages could not be collected in this case where no malice was shown on the part of the defendant: Adams v. Beaver Valley Traction Co., 41 Pa. Superior Ct. 403; Perry v. P. R. R., 41 Pa. Superior Ct. 591; Rommel v. Schambacher, 120 Pa. 579; Phila. Traction Co. v. Orbann, 119 Pa. 37; Hoffman v. Berwind-White Coal Mining Co., 265 Pa. 476; Wright v. Phila. Rapid Transit Co., 236 Pa. 132.

*Theodore F. Jenkins,* for appellee, cited: McCarthy v. DeArmit, 99 Pa. 63, 70; Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647; Squires v. Job, 50 Pa. Superior Ct. 289; Perry v. Pennsylvania R. R. Co., 41 Pa. Superior Ct. 591; Tyler v. Ritz-Carlton Co., 73 Pa. Superior Ct. 427, 433.

OPINION BY HENDERSON, J., December 13, 1920:

The verdict of the jury was sustained in a former appeal in this case, 73 Pa. Superior Ct. 427. The question raised in the present appeal is whether exemplary damages should have been allowed, the appellant contending that the evidence does not support such a verdict.

The testimony presented by the plaintiff at the trial tended to show that he was arrested by the defendant's special officer under circumstances of insult, indignity and maliciousness. The jury might have found, under that evidence, that the officer was actuated by a malicious disposition, or that he was moved by personal feeling and acted oppressively, without justification by anything done by the plaintiff. If he used the language attributed to him by the witnesses, and "practically dragged" the plaintiff out of the lobby when he was offer-

ing no resistance and threatened personal violence, the facts bring the case within that class of trespassers in which exemplary damages are allowed. The jury in such a case is not confined to the actual damage sustained, but may go further, if there are circumstances of aggravation, or outrage. This is a question for the jury. There must be wilful misconduct, and this applies as well to the act of a servant within the general scope of his authority, as to the employer. If the act be wilfully and maliciously done, or in the absence of malice, it was committed under circumstances of oppression, outrage or recklessness, the rule is that exemplary damages may be awarded: Nagle v. Mullison, 34 Pa. 48; Phila. Traction Co. v. Orbann, 119 Pa. 37; Milwaukee & St. Paul Railway Co. v. Arms et al., 91 U. S. 489; Sedgwick on the Measure of Damages, 329.

In a consideration of the question presented, the plaintiff is entitled to the benefit of all the facts which may have been found by the jury, and the reasonable presumption arising therefrom; and although there was evidence offered by the defendant contradictory to the case as presented by the plaintiff, the jury alone could determine the credibility of the witnesses. A careful examination of the evidence convinces us that there was testimony which would support a verdict for exemplary damages. It follows that the judgment should be sustained.

The appeal is dismissed and the judgment affirmed.