## McLaughlin v. Singer Sewing Machine Co., Appellant.

*Assault and battery—Retaking possession of sewing machine—Undue violence—Constable—Agency—Charge of court—Punitive damages.*

In an action for damages for assault and battery by an agent of the defendant, committed while retaking possession of a sewing

machine leased on a bailment lease, the case is for the jury and a verdict will be sustained, where evidence is produced that the agent, with the assistance of a constable, used undue force and violence in accomplishing his purpose.

In such case, a charge of the court which reviews the testimony without any misstatement of the facts and fairly submits them to the jury is without error.

Where the injuries complained of are the results of reckless indifference to the rights of others, which is equivalent to the violation of the same, the jury may find punitive damages.

Argued October 27, 1920. Appeal, No. 155, Oct. T., 1920, by defendant, from judgment of C. P. Clearfield County, Sept. T., 1919, No. 45, on verdict for plaintiff in the case of Cassie McLaughlin and William McLaughlin v. Singer Sewing Machine Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for assault and battery. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,075. Defendant appealed.

*Errors assigned* were various ruling on evidence, answers to points and the charge of the court.

*W. C. Pentz,* and with him *John J. Pentz,* for appellant.

*John C. Arnold,* and with him *A. R. Chase,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The plaintiffs recovered a verdict of $500 for Cassie McLaughlin, and $575 for William McLaughlin, in the court below, as damages for injuries sustained by reason of an assault and battery on Mrs. McLaughlin by agents of the defendant company, in forcibly removing from

their home a sewing machine, which the plaintiffs had for a number of years in their possession under a contract of lease, and on which payments had been made from time to time. At the time of this assault, April 18, 1919, it was contended by the plaintiffs that they had made their payments in strict compliance with the terms of their lease. On the other hand, it was contended by the defendant company that they were in arrears, and by the terms of the lease defendant was entitled to recover possession of the machine. The argument of the appellant is summarized in denying the agency of the two men who made the assault, and that special stress was made by the court in the charge to the jury on the credibility of the witnesses. This would be a proper appeal to the jury in the analysis of the testimony, but on a careful examination of the whole record, we are satisfied that the important question of credibility was fairly left to the jury, under proper instructions. One R. S. Stuart testified for the defendant that he was the supervising agent for the defendant company, and had charge of the agency at Clearfield, that Mrs. McLaughlin's lease was made through that agency; that he gave instructions to his local representative to collect the rent due from Mrs. McLaughlin, and in the event of its not being paid to take the machine. To facilitate the execution of this order, Zerbey, the Clearfield agent, was directed to take with him an assistant, which he did by having one Reilley, a local constable, go with him to the home of the plaintiffs. There can be no doubt of the authority of Zerbey in carrying out the directions of Stuart in the work done, nor can there be any doubt as to the relation of Reilley to the transaction, as he was selected by Zerbey and paid $5 for his services, which payment was ratified by the defendant, and Zerbey credited with the payment in the discharge of the defendant's business. The conduct of Zerbey on the witness stand was evasive, and his deliberate misstatements would naturally prejudice any fair-minded jury against his principals. The con-

duct of Zerbey and Reilley in their forcible entry into the home of the McLaughlins in the absence of the husband, and resorting to violence against a sick woman in taking the sewing machine from her home while she was going over her receipts for payments on the machine to ascertain if any balance was due the company, was so unwarranted and inexcusable, that no other verdict could be expected under the circumstances. Her physical condition at the time, the violence of the assault upon her, which resulted in her falling to the floor in a faint, would naturally and rightly render the defendant liable for punitive damages.

There was no misstatement in the court's narrative of the facts, and all was fairly and fully submitted to the jury. The conduct of Zerbey and Reilley could not be characterized in more fitting term than as a wanton and reckless disregard of the rights of the McLaughlins. As in McClung v. Dearborne, 134 Pa. 396, the acts complained of by the plaintiffs were committed in the course of, and as a means to the accomplishment of that for which they were sent, and the orders to retake the machine were complied with in an unjustifiable and outrageous manner: Traction Co. v. Orbann, 119 Pa. 37. As to the rights to recover punitive damages, see Tyler v. Phila. Ritz-Carlton Company, HENDERSON, judge, 75 Pa. Superior Ct. 353.

The judgment is affirmed.