# Serlich *v.* Stern, Appellant.

*Malicious prosecution—Trespass—Defense—Advice by counsel.*

In an action of trespass for malicious prosecution, the fact that the defendant consulted his counsel, and acted on his advice with respect to the bringing of the prosecution, is not conclusive evidence of the absence of malice. Whether the advice is a good defense depends on the good faith with which it is sought and followed. It is only when the facts necessary to support such conclusion a. admitted, or established by uncontradicted evidence that it becomes the duty of the court to declare as a matter of law that a defense has been made out. In default of such admission or such uncontradicted evidence the case is for the jury.

A reckless and unwarranted use of criminal prosecution for purposes of intimidation, or to compel the payment of money or the restoration of property may subject a defendant to punitive damages. Whether the evidence in a given case discloses such conduct is ordinarily a question for the jury.

Argued October 8, 1922. Appeal, No. 4, Oct. T., 1922, by defendant, from the judgment of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 3801, on verdict for plaintiff in the case of Gazi Serlich v. Milton Stern. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before FINLETTER, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $2,500. Subsequently the court in banc reduced the verdict to $1,500, and judgment was entered thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court, answers to points and refusal to withdraw a juror on account of objectionable remarks by counsel for plaintiff.

*David S. Malis,* for appellant.—This was not a case for punitive damages: Dunmore v. Padden, 262 Pa. 436; McClafferty v. Philip, 151 Pa. 86; Cole v. Reece, 47 Pa. Superior Ct. 212; McCoy v. Kalbach, 242 Pa. 123; Wenger v. Phillips, 195 Pa. 214; Lerner v. Felderman, 64 Pa. Superior Ct. 287; Stratton v. Jordan, 77 Pa. Superior Ct. 596; Muir v. Hankele et al., 273 Pa. 231.

*Walter Thomas,* for appellee, cited: MacDonald v. Schroeder, 214 Pa. 411, 415; Mayer v. Walter, 64 Pa. 283, 286; Aland v. Pyle, 263 Pa. 254, 257; Tyler v. Philadelphia Ritz-Carlton Company, 75 Pa. Superior Ct. 353, page 355.

OPINION BY HENDERSON, J., December 14, 1922:

The complaint set forth in the first and second assignments of error is that the court erred in refusing to give binding instructions for the defendant. The points are predicated of the fact that the defendant consulted his attorney and acted on his advice with respect to the bringing of the prosecution. The requests for instructions could not have been affirmed, however, in the form in which they are presented for the reason that they exclude consideration of the question whether a full and candid disclosure of all of the facts within the knowledge of the prosecutor was made to his attorney, and

whether he acted in good faith in bringing the prosecution. It is not conclusive evidence of the absence of malice that a prosecution was instituted on advice of counsel. Whether the advice is a good defense depends on the good faith with which it is sought and followed. It is only when the facts necessary to support such conclusion are admitted or established by uncontradicted evidence that it becomes the duty of the court to declare as a matter of law that a defense has been made out. The presumption of the want of probable cause arose when the defendant in the criminal prosecution was discharged by the magistrate, and the fact of the discharge having been proved, the burden rested on the defendant here to satisfy the jury that the criminal proceeding was instituted in good faith on the advice of counsel. There is evidence on the record to show, however, that the purpose of the appellant in causing the arrest of the plaintiff was to collect money due on the lease of an automobile or to secure the return of the automobile, and the jury might find from that evidence the prosecution was brought for the collection of a debt or the recovery of property rather than to punish a crime or protect the public. The case on the facts was therefore for the jury and not for the court.

The third assignment is without support; the portion of the charge therein quoted is merely a statement of the ground on which the plaintiff based his action. It does not contain any instructions or expression as to the law or the evidence.

The fourth assignment relates to instruction on the subject of punitive damages. It is well established law that the reckless and unwarranted use of criminal process for purposes of intimidation or to compel the payment of money or the restoration of property may subject a defendant to punitive damages. Whether the evidence in a given case discloses such conduct is ordinarily a question for the jury: Nagle v. Mullison, 34 Pa. 48; Phila. Traction Co. v. Orbann, 119 Pa. 37;

Tyler v. Philadelphia Ritz-Carlton Company, 75 Pa. Superior Ct. 353. As there was evidence bearing on the conduct of the appellant from which it might be inferred by the jury that the prosecution was not brought with good motive the instruction of the court was not erroneous.

The remarks of counsel referred to in the fifth and sixth assignments because of which the defendant's counsel requested the withdrawal of a juror do not seem to have been brought on the record in an appropriate way and might be disregarded. The language attributed to the plaintiff's counsel in the fifth assignment appears to have been part of a discussion of the law relating to punitive damages. As restated by the court no harm could be done and we are not convinced that the defendant was in any wise prejudiced. The court did not regard the language said to have been used as set forth in the sixth assignment as requiring special notice and judicial discretion was not violated in refusing the request of the defendant for the withdrawal of a juror.

The case was fully heard and carefully tried by the learned trial judge and we do not find any error to support a reversal.

The judgment is affirmed.