## Dollar Cleaners and Dyers, Inc., v. Orange Dollar Cleaning Company et al.

378

*Evans & Wernick,* for exceptions; *S. G. Schwartz,* contra.

MARTIN, P. J., Jan. 2, 1930.—Plaintiff filed a bill in equity praying for an injunction to restrain the defendant Emmett Lottig from using the name "Dollar Cleaners" in his business advertisements, and for an accounting and damages.

An answer was filed and the case proceeded to trial on bill, answer and proofs.

A decree *nisi* was entered, by which

"1. The defendants, Emmett Lottig, the Orange Dollar Cleaning Company, and Bornot, Inc., their respective agents, servants and employees, are enjoined from using the name 'Dollar Cleaners,' and the use of the name 'Dollar Cleaners' in the form of advertisement, or in any other manner imitating in the mode of advertisement the name adopted and registered by plaintiff, in the City and County of Philadelphia and vicinity.

"2. The defendants, Emmett Lottig, the Orange Dollar Cleaning Company, and Bornot, Inc., and each of them, and their respective agents, servants and employees, are prohibited from using the name 'Dollar Cleaners' in their business or advertisements so as to confuse the public and lead them to believe they are patronizing the plaintiff.

"3. The defendants are directed to pay the costs of this suit."

Exceptions were filed by plaintiff and by defendants. . . .

The second exception on the part of defendants is to the finding of the Chancellor that, "as a result of the use of the words 'Dollar Cleaning' by the defendant, confusion has arisen in the minds of customers of the plaintiff, and the public, in following advertisements of the defendant, has been misled into believing they were patronizing places of business of plaintiff when they were patronizing the defendant, which necessarily resulted in a loss of patronage to plaintiff."

The defendant wrongfully used the name "Dollar Cleaning," and it followed that customers of plaintiff were induced to believe they were patronizing and giving their trade to the plaintiff.

The third exception of defendant is that the Chancellor erred in concluding that "it is evident that the opening of the Orange Dollar Cleaning Company places of business in Philadelphia and vicinity was a ruse on the part of Bornot, Inc., to attract the business and customers of plaintiff."

Defendant used the name for the purpose of attracting customers to its place of business and in obtaining their trade. The use of this name was unquestionably a ruse on defendant's part to attract all the business and customers of plaintiff that it could divert to its own places of business.

The 4th, 5th, 6th, 7th, 8th and 9th exceptions on the part of defendant complain of the Chancellor's conclusions of law.

These conclusions are fully sustained by the facts proved by the evidence.

The first to the seventeenth exceptions filed on the part of plaintiff are to the Chancellor's failing to affirm the 19th, 20th, 21st, 22nd, 23rd, 33rd, 35th, 36th, 38th, 39th, 42nd and 43rd requests for findings of fact filed by plaintiff.

All of these requests for findings of fact are based on the assumption that the Chancellor should award damages to plaintiff for the wrongful use by defendant of the name "Orange Dollar Cleaning Company" and the words "Dollar Cleaning." There was no proof offered to warrant a finding of any specific amount of damages suffered by plaintiff. A witness was asked, "What does your business average?" and replied, "We are averaging approximately $200,000. It was cut down almost one-half." But the evidence did not connect the business reduction in volume with the use of the words "Dollar Cleaning" by the defendant.

In support of its exceptions, counsel for plaintiff cited Tyler *v.* Philadelphia Ritz-Carlton Co., 75 Pa. Superior Ct. 353, and McLaughlin *v.* Singer Sewing Machine Co., 75 Pa. Superior Ct. 533, where punitive damages were allowed; but in both cases there was competent evidence on which to base the finding.

In Greeney *v.* Pennsylvania Water Co., 29 Pa. Superior Ct. 141, it was said by Judge Orlady: "The jury may consider all the facts which relate to the wrongful act of the defendant and its consequence to the plaintiff, but they are not at liberty to go farther than allow actual and compensatory damages, unless the evidence shows wilful misconduct and a wanton invasion of the plaintiff's rights or any circumstances of aggravation or outrage."

The plaintiff in the present case failed to offer such proof as would warrant the Chancellor in assessing either actual damages or punitive damages.

The 18th, 19th, 20th, 21st, 22nd, 23rd, 24th and 25th exceptions of plaintiff complain of the Chancellor's conclusions of law.

The facts established by the evidence warrant those conclusions of law found by the Chancellor.

Counsel for plaintiff made a request, that should the court be of the opinion that under the pleadings and the testimony that was produced in this case there was not a sufficient basis laid for the ascertaining by the court of the proper measure of damages, it is respectfully submitted that the plaintiff should not be deprived of the damages that he is entitled to, and that the court should incorporate in its decree an order that the decree is entered without prejudice to the plaintiff's rights to proceed for a recovery of its damages and for the penalty of $200 provided by the Act of June 20, 1901, P. L. 582.

There is nothing contained in the pleadings or the evidence to warrant the insertion of such an order in the decree entered in this case.

And now, Jan. 2, 1930, the exceptions filed on behalf of plaintiff and those of the defendants are dismissed, and the adjudication is confirmed. Counsel will prepare a decree.