Patton, Appellant, *v.* Vucinic.

Argued April 27, 1933.

*Samuel T. Talenfield,* and with him *Rebecca L. Davis,* for appellant.

*A. M. Oliver,* for appellee.

OPINION BY JAMES, J., July 14, 1933:

This is an action for unlawful arrest and false imprisonment. The learned trial judge after hearing the plaintiff's evidence, in accordance with the practice of the Allegheny County Court, directed the jury to find a verdict in favor of the defendant. A motion for a new trial was made and duly refused. The ruling is based on the ground that the allegata of the plaintiff's statement and the probata of the plaintiff's evidence were at variance to such a degree that it failed to establish that false arrest and imprisonment were caused by the act of the defendant. We do not so read the testimony.

The plaintiff, in his statement of claim, alleged in paragraph 3 as follows: "3. The arrest took place about 10:00 in the morning, while the plaintiff was preparing to go to church at his home, at the City of Pittsburgh, State aforesaid and was made by two police officers of the City of Pittsburgh, accompanied by Mary Alice Vucinic, the above defendant, and was brought about by the defendant's express directions.

The officers took Mr. Patton from his home, placed him in the motorcycle sidecar, he was taken to No. 6 Police Station on Federal and Ohio Streets, and was lodged in a cell over night. The next morning, he was given a hearing before Magistrate Snyder.'' The fourth paragraph reads as follows: ''4. On the 6th of April, 1931, Mr. Patton appeared before Magistrate Schneider, then and there being one of the police magistrates of the City of Pittsburgh, to hear and determine divers felonies, trespasses and other misdemeanors, committed in the said city and to bind over and commit for the same, and then and there before the said Magistrate Schneider, the above defendant charged the plaintiff falsely and maliciously without any reason or probable cause whatsoever of stealing a car which she, the defendant alleged belonged to her step-father.'' The facts as developed established that John Patton, the plaintiff, had been a roomer at the home of the defendant for some time previous to the day of arrest; that said arrest was made by two police officers without any information made on oath or any warrant issued and plaintiff was incarcerated in the North Side Police Station, Pittsburgh, Pa., all of Easter Sunday and the night of April 5, 1931. On April 6, 1931, after hearing before a magistrate, plaintiff was discharged of all charges there made against him. The transcript of the docket of Ray E. Schneider, police magistrate, was offered in evidence, which showed that plaintiff was held on the charge of suspicious person, while the testimony of Officer Jennings, one of the officers who arrested the plaintiff, shows that the plaintiff was arrested on the complaint of John Buksick, who claims plaintiff took an automobile without his consent, and that the said John Buksick had failed to appear at the hearing of the plaintiff. The record further discloses that Mary Vucinic was also sworn and that her testimony was

to the effect that her father, John Buksick would not sign an information against the plaintiff for the return of the automobile; that the plaintiff was sworn and heard and that after full hearing, he was discharged of the offense of suspicious person.

The testimony of the plaintiff (pages 10a, 11a) was as follows: "Q. What were the exact words that Mrs. Vucinic told the policemen? Do you remember? A. The exact words Mrs. Vucinic said to arrest me for using the machine—I can't recall—selling the machine or using the machine without the consent of the owner —I can't exactly recall—anyway it was because of using the machine. Q. Who ordered you arrested? A. Mrs. Vucinic. Q. Did the officers show a warrant? A. They did not, sir. I tried to explain to the officers that the machine in question just belonged to me and Mrs. Vucinic, but the officers would not listen to me. They just said, 'Get ready and tell it to the Judge in the Police Court the next morning.' That is what the officers told me." The testimony further discloses that following his arrest, he was incarcerated in the Police Station, had his picture taken at the Detective Bureau and he was finger printed and remained at the Police Station until April 6, 1931, the following morning, when he was discharged. John W. Greeney, one of the officers who made the arrest, testified that in response to a call, he was directed to go to the home of Mrs. Vucinic on Federal Street and that the defendant directed him to arrest this man, meaning John Patton, the plaintiff herein; that at the time of the arrest, two other women, sisters of the defendant, were present and when the officer asked who made the complaint, they said, "We made the complaint", and thereupon the officer arrested the plaintiff herein upon the charge of disorderly conduct and took him to the Police Station. The testimony on the part of the plaintiff and the officer clearly indi-

cates that the arrest was made at the instance of the defendant and whatever record was made by the magistrate as to the nature of the offense charged would not in any sense excuse the defendant, whether it was upon the charge of disorderly conduct, suspicious person, or for operating an automobile without the owner's consent, if in fact there was no ground for the arrest. The plaintiff was not bound by the record of the magistrate as to the nature of the charge when his testimony clearly established that he was incarcerated for a period of at least twenty-four hours without an information and a warrant. In view of the above testimony, we are clearly of the opinion that the case should have been submitted to the jury to determine all of the facts.

"To constitute the injury of false imprisonment, the two requisites are, 1. The detention of the person; and, 2. The unlawfulness of such detention." Lentz v. Raum, 59 Pa. Superior Ct. 260, 262. The testimony establishing that the officers appeared at the rooming house of the plaintiff at the instance of the defendant and that at the direction of the defendant, the plaintiff was placed under arrest and detained, was sufficient to establish a prima facie case, and the two elements constituting the offense having been established, to wit, that of unlawful arrest and false imprisonment, the burden thereupon shifted to the defendant to show that the arrest was made by authority of the law: McAleer v. Good, 216 Pa. 473, 65 A. 934; McCarthy v. DeArmit, 99 Pa. 63.

The action in the within case is brought under the Act of 1887 which abolished distinctions between trespass and trespass on the case, and in actions of this character since the Act of 1887, a plaintiff's statement of claim need only be a concise statement of the facts upon which he claims to recover: Clark v. Forsyth, 55 Pa. Superior Ct. 67, 71, and approved in Fendall v.

Eckert, 90 Pa. Superior Ct. 305, 307. The court very properly could have regarded the portion of the fourth paragraph relating to the testimony of defendant as being surplusage, the third paragraph having set forth in substance the ground upon which the action could be sustained.

It is not necessary in the trial of a cause to bring out in the testimony every detail alleged in the statement, nor can it be regarded as any violation of the rule that proofs and allegations must agree in case the testimony does not bring out every detail alleged in the statement. The proofs and allegations must not contradict each other but if the testimony sustains all the material allegations of the statement that is sufficient: Williams v. Meadville and Cambridge Springs Street Railway Co., 31 Pa. Superior Ct. 580. "If, on the whole evidence for the plaintiff, his own testimony is overthrown by that of his own witnesses, in such number and weight that the court could not support a verdict in his favor, its duty would be to direct a non-suit or a verdict against him; but such a case should be clear and free from doubt." Kohler v. Pennsylvania Railroad Co., 135 Pa. 346, 19 A. 1049. "The allegations, from which the proof must not materially vary, and with which they must be consistent, are those averments which are contained in plaintiff's statement of claim, which, if substantiated, would entitle him to recover. If the statement contains other allegations of fact which are immaterial, or concern an additional act ...... not essential to a recovery, plaintiff is not bound to prove them, and failure to do so would not constitute a fatal variance which would preclude recovery if the essential averments have been duly established." Moyer v. Blue Mountain Electric Co., 294 Pa. 265, 144 A. 131.

Plaintiff's testimony was sufficient to submit the case to the jury, regardless of the real or apparent

contradictions of the officers' testimony and the magistrate's record and, if believed, required the defendant to show probable cause for the arrest and imprisonment of the plaintiff. Whatever contradictions and inconsistencies there may have been in the testimony of the witnesses, it was for the jury and not the court to reconcile and the court below was in error in directing the jury to find a verdict for the defendant. The judgment is reversed and a new trial is granted.