Argued October 10, 1949.
These appeals are by plaintiffs from judgment entered on a directed verdict in favor of defendant. In an action of trespass minor plaintiff and her parents sought to recover damages for assault and battery and false imprisonment allegedly committed on the minor plaintiff by defendant's employes in its department store. At the conclusion of the testimony the trial judge gave binding instructions for defendant. Plaintiffs' motions for new trial were refused.
It is our opinion that the case is not one in which it was proper to give binding instructions, and that a new trial must be granted. A review of the testimony presented at the trial shows that the essential facts which formed the basis of plaintiff's action were in controversy. The minor plaintiff, then eleven years of age, testified that, following her music lesson on the afternoon of January 10, 1948, she visited defendant's department *Page 208 
store and went to the book department. In one hand she carried a brief case, and in the other a box of pop corn. While looking at some books she placed the box of pop corn in her brief case. Thereafter, she left the book department and entered the ladies' rest room. She took no books with her. While washing her hands she held the brief case between her legs. Thereupon a lady (later identified as one of defendant's employes) went up to minor plaintiff and asked her where the books were which she had taken from the counter. Upon minor plaintiff's denying that she had taken any books, the employe grabbed the brief case from minor plaintiff and opened it. At this point two women customers in the rest room told defendant's employe not to disturb the child. As minor plaintiff attempted to leave the rest room, defendant's employe grabbed her by the arm. The employe then took the minor plaintiff by the hand, and with the two other women went upstairs to the office of defendant's protection manager. When it was ascertained that minor plaintiff had not taken any books she was escorted from the store to the subway and sent home. Both minor plaintiff and her mother testified that minor plaintiff became nervous, ill, and upset as a result of the occurrence, and that she remained in this condition for some time thereafter.
The oral testimony introduced by defendant, although corroborating the story of minor plaintiff in some respects, was in conflict on several matters. Defendant's employe, Mrs. Ann Keenan, a store detective, testified that she watched minor plaintiff while the latter was looking at several books in the book department; that minor plaintiff later placed these books on a ledge between the book department and the rest room; that she did not see minor plaintiff put any books in her brief case or take any books; that she never accused minor plaintiff of taking books. Mrs. Keenan testified that her *Page 209 
only object was to have minor plaintiff replace the books that she had moved to the shelf; that for this purpose she approached minor plaintiff in the rest room; and that she was about to ask minor plaintiff to replace the books when she started to scream. At this time the two women customers intervened on behalf of the minor plaintiff, and temporarily restrained Mrs. Keenan. The three women and minor plaintiff then went to the office of the protection manager on the fifth floor. Defendant's protection manager testified that he did not accuse minor plaintiff of stealing, and that his only instructions to Mrs. Keenan were to break up the practice of customers' taking books from the department and reading them in the ladies' rest room.
Plaintiffs made out a prima facie case of (1) assault and battery, and (2) false imprisonment. Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person. Butler v. Stockdale, 19 Pa. Super. 98. 107. To constitute the injury of false imprisonment the two requisites are (1) the detention of the person, and (2) the unlawfulness of such detention. Lentz v. Raum, 59 Pa. Super. 260,262. Plaintiffs' evidence, if believed, showed an unlawful laying hold of the minor plaintiff, and her detention, without probable cause. Minor plaintiff testified she was grabbed by defendant's employe, held, and falsely accused of taking books from the book department.
The court below, in its opinion refusing to grant plaintiffs a new trial, erroneously held that there was no conflict in the evidence and no disputed questions of fact, and that it should declare the existence of probable cause for the detention as a matter of law. It is true that the question of probable cause for the arrest, or, *Page 210 
as in this case, the detention, is ultimately one of law for the court, and upon this point there is no difference, in principle, between an action for false imprisonment and one for malicious prosecution. Samuel v. Blackwell, 76 Pa. Super. 540,545. Recent decisions of the appellate courts in this State make it clear that, in actions for malicious prosecution, the question of probable cause is one of law for the court.Simpson v. Montgomery Ward Company, 354 Pa. 87, 46 A.2d 674;Simpson v. Montgomery Ward Company, 162 Pa. Super. 371,57 A.2d 571; Simpson v. Montgomery Ward Company, 165 Pa. Super. 408,68 A.2d 442. If there is a conflict in the testimony as to what the circumstances were leading up to the arrest, detention, or prosecution, then the court must submit the factual questions to the jury for determination. Simpson v.Montgomery Ward Company, supra, 354 Pa. 87, 95, 96, 97,46 A.2d 674; McCarthy v. De Armit, 99 Pa. 63; Samuel v. Blackwell,
supra, 76 Pa. Super. 540; Lentz v. Raum, supra, 59 Pa. Super. 260. Factual questions may be submitted in the several ways set forth by Mr. Chief Justice MAXEY, in Simpsonv. Montgomery Ward Company, supra, 354 Pa. 87, 96, 97,46 A.2d 674. It is only where the facts are not in dispute and those facts, and the reasonable inferences therefrom, amount to probable cause, that a trial judge may direct a verdict for the defendant. Hubert v. Alta Life Ins. Co., 130 Pa. Super. 277,279, 196 A. 513; Simpson v. Montgomery Ward Company,
supra, 162 Pa. Super. 371, 380, 57 A.2d 571.
There are, of course, fundamental differences between actions for malicious prosecution and those for false imprisonment (Lentz v. Raum, supra, 59 Pa. Super. 260, 262), but the question of probable cause in an action for false imprisonment should not be more *Page 211 
complicated than in an action for malicious prosecution. The case was for the jury under proper instructions, and the trial judge erred in directing a verdict for defendant. Cf. Tyler v.Philadelphia Ritz-Carlton Company, 73 Pa. Super. 427;Patton v. Vucinic, 109 Pa. Super. 530.
The judgment is reversed, and a new trial awarded.