## Minus v. City of Chester

*Edward C. Harkin,* for plaintiff.
*Arthur Levy,* for defendant.

BLOOM, J., November 2, 1973.—Plaintiff, Bernice Minus, filed a complaint in trespass on January 10, 1973. Said complaint alleges that on June 9, 1971, defendant, City of Chester, through its agents, did swear to an affidavit charging plaintiff with the failure to file a final return for earned income tax for the year 1966. Pursuant to said affidavit, a warrant of arrest was issued for plaintiff. On March 7, 1972, plaintiff was arrested pursuant to said warrant and was taken into custody. On the same day, plaintiff was released on bail. On March 15, 1972, plaintiff appeared before a magistrate for a hearing at which time she was released from custody for lack of sufficient evidence.

Plaintiff further alleges that she, in fact, filed an earned income tax return for 1966 and that she had paid the amount of tax due on August 16, 1971, seven months prior to the service of the warrant. Plaintiff alleges that said warrant was issued maliciously and without reasonable or probable cause and, as a result, plaintiff was humiliated, caused to expend money in her defense and she further avers that her reputation and character were damaged. Because of the alleged malicious act of defendant, plaintiff also seeks punitive damages.

Defendants have filed preliminary objections in the nature of a demurrer, alleging that plaintiff's complaint fails to state a cause of action against defendant. In support of its demurrer, defendant contends:

1. That if the cause of action arises from false imprisonment, the complaint is insufficient since it fails to allege that the warrant of arrest was void or that

the warrant charged plaintiff with an offense which is not a crime; and

2. If the cause of action arises from malicious prosecution, the complaint is insufficient, since it fails to set forth any facts from which malice can be inferred on the part of defendant.

A demurrer is an assertion that a complaint does not set forth a cause of action upon which relief may be granted: Balsbough v. Rowland, 447 Pa. 423 (1972).

We find no merit in the first contention made by defendant, to wit, that plaintiff failed to state a cause of action because she did not allege that the warrant of arrest was void or that the warrant charged plaintiff with an offense which is not a crime.

The fact that an arrest was made under a valid warrant constitutes a defense to false imprisonment: Picking v. Penna. R. R. Co., 151 F. 2d 240 (1945). A warrant which does not charge a criminal offense or specify lawful grounds for arrest will not afford a defense: Patton v. Vucinic, 109 Pa. Superior Ct. 530 (1933). This contention raises a matter of fact to be resolved at trial and it is not sufficient to sustain a demurrer.

We also find no merit in the contention that the complaint fails to state a cause of action for malicious prosecution because there are no facts from which malice can be inferred on the part of defendant.

The averment of malice may be pleaded generally. See Pennsylvania Rule of Civil Procedure 1019(b). In Hugee v. Pennsylvania Railroad Co., 376 Pa. 286, 291 (1954), our Supreme Court stated:

"Legal malice is not limited to motives of hatred or ill will, but may consist of Defendant's reckless and oppressive disregard of plaintiff's rights."

If, in fact, plaintiff filed an earned income tax return with defendant and the tax was, in fact, paid seven months prior to arrest, this court is of the opin-

ion that a fact finder may infer that defendant acted recklessly in having the warrant of arrest served upon plaintiff.

Therefore, we enter the following

## ORDER

And now, to wit, November 2, 1973, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed:

1. That defendant's preliminary objections to plaintiff's complaint in the nature of a demurrer be and the same is hereby dismissed.

2. Leave is granted to defendant to file a responsive pleading to plaintiff's complaint within 20 days of the date of this order.