Samuel S. Marley *vs.* William L. Duff.

1. False Imprisonment—Pleading—Allegations as to Damages.

A declaration in an action for false imprisonment, which charges in one count that defendant falsely, maliciously, unlawfully, and without any probable cause procured the plaintiff to be arrested, and which alleges in another

count that defendant falsely, maliciously, and without probable cause informed the police that he had reasonable cause to believe that plaintiff had committed arson, by reason of which plaintiff was arrested without a warrant or probable cause, and that plaintiff was thereby injured and damaged, is good as against a special demurrer to each count assigning that it could not be determined therefrom whether plaintiff sought to recover for direct or consequential injuries.

2. ACTION—JOINDER OF CAUSES OF ACTION.

Where a declaration in an action for false imprisonment alleges in one count that defendant falsely, maliciously, and with force and arms procured the arrest of plaintiff in his own house, and in another count alleges that defendant falsely, maliciously, and without probable cause informed the police that defendant had reasonable cause to believe and believed that plaintiff had committed arson, by reason of which plaintiff was arrested without warrant or probable cause, and that by reason of the premises plaintiff was greatly injured and damaged, the counts are not demurrable, as setting out separate causes of action.

3. PLEADING—FORM—MATTERS OF FACT OR CONCLUSIONS OF LAW.

Where one of the counts in a declaration for false imprisonment alleges that defendant falsely, maliciously, unlawfully, with force and arms, and without probable cause procured the plaintiff to be arrested, and another alleges that the defendant falsely, etc., informed the police that he believed and had probable cause to believe that plaintiff had committed arson by setting fire to his own house, and so falsely and unlawfully and without a warrant caused the plaintiff to be arrested,they are not insufficient, as stating mere conclusions of law without facts sufficient to support them.

4. ACTION—MISJOINDER OF CAUSES OF ACTIONS.

A count in a declaration in an action for false imprisonment, which alleges that the defendant at a certain time and place falsely and maliciously spoke and published, of and concerning the plaintiff and the burning of plaintiff's house, certain false and defamatory words, meaning that plaintiff had set his own house on fire and was guilty of arson a felony, and was fleeing to escape arrest, and meaning to request that an officer be sent to arrest plaintiff on the charge of arson, whereby plaintiff was injured in his good name, arrested without a warrant or probable cause, and otherwise greatly injured and damaged, is bad misjoiner of separate and distinct causes of action.

(*May* 11, 1911.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Julian C. Walker* for plaintiff.

*Frank L. Speakman* and *Sylvester D. Townsend, Jr.*, for defendant.

Superior Court, New Castle County, May Term, 1911.

ACTION ON THE CASE (No. 31, January Term, 1911), to recover damages for false imprisonment.

Demurrer to each of the three counts of the declaration, which was overruled as to the first two counts, and sustained as to the third count.

This was an action of trespass for alleged false imprisonment. The declaration contained three counts. Counsel for the defendant demurred specially to each of said counts. The first count charged "that the defendant heretofore, etc. on etc., in etc., falsely and maliciously and unlawfully, with force and arms, and without any reasonable or probable cause, caused and procured the said plaintiff to be arrested, near midnight, in his own house," etc. The second count charged that "the said defendant," on the day and at the time and place aforesaid, "falsely and maliciously and unlawfully, and without any reasonable or probable cause, verbally made information to the police department of the city of Wilmington, etc., that he, the said defendant did on good grounds believe, and that there was probable cause to believe, that the said plaintiff had recently committed the crime of arson and feloniously, wilfully and maliciously set fire to a certain dwelling house of the said plaintiff (said dwelling house being adjoining to a certain other dwelling house in which there were at the time some human being or beings), to wit, etc., and that unless the said plaintiff should be arrested forthwith upon such charge, he, the said plaintiff, would escape justice, to wit, etc., and the said defendant, then and there, with force and arms, without a warrant, and without any reasonable or probable cause, upon said charge, falsely and maliciously and unlawfully caused and procured the said plaintiff to be arrested, near midnight, in his own house, in," etc.

The third count charged that "the said defendant," on the day and at the time and place aforesaid, "in a certain discourse or communication which he, the said defendant, then and there had over the telephone, to and with, etc. and of and concerning the said plaintiff and of and concerning the said fire at the said dwelling house of the said plaintiff, etc., falsely, wilfully and maliciously spoke and published of and concerning the said plaintiff and of and concerning the said fire at, etc., false, scandalous, malicious and defamatory words following, to wit, etc. (meaning thereby that the said plaintiff had wilfully and maliciously set on fire his said dwelling house and was guilty of the crime of arson and felony and was then fleeing from the scene of the said crime

to escape arrest, and also meaning thereby to advise and request that a police officer be forthwith sent to arrest the said plaintiff upon the said charge of arson and felony); whereby, by means of the speaking and publishing of said false, etc. words by, etc. as etc., the said plaintiff hath been and is greatly injured in his good name, etc., and also by reason of the premises the said plaintiff was, with force and arms, arrested, without a warrant, and without any reasonable or probable cause, etc.; and also by means of the premises the said plaintiff hath been, and is otherwise greatly injured and damaged," etc.

Several causes of demurrer were assigned to each of said counts. It was objected that each is ambiguous and uncertain in that it is impossible to determine from anything therein, whether the plaintiff seeks to recover for direct or consequential injuries; that each charges two separate and distinct causes of action; that none is drawn with sufficient particularity; and that each is insufficient in that mere conclusions of law are stated without sufficient facts to support them.

*Per Curiam.* [1-4] The first two counts are not open to the objections urged, and the demurrer as to them is overruled. The third count is double and, therefore, bad.

The demurrer to the third count is sustained.