Salvatore N. VALENTI and
Paula J. Valenti

v.

Donald W. SHEELER, individually and in his capacity as Chief of Police of the Manor Township Police Department; Gary L. Strock, individually and in his capacity as Officer of the Manor Township Police Department; and Peter J. Savage, Jr., individually and in his capacity as Officer of the Manor Township Police Department.

Civ. A. No. 89–7669.

United States District Court,
E.D. Pennsylvania.

March 27, 1991.

228

Salvatore N. Valenti, pro se.

Paula J. Valenti, pro se.

Vincent A. Tucceri, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs Salvatore and Paula Valenti, proceeding *pro se*, filed this civil rights action against defendants alleging violations of their rights under the fourth and fourteenth amendments of the United States Constitution. Plaintiffs also include in their complaint state law claims alleging false arrest, false imprisonment, and malicious prosecution. Defendants are the Chief of Police of the Manor Township Police Department, Donald W. Sheeler, and two police officers of the Manor Township Police Department, Gary L. Strock and Peter J. Savage, Jr.

The parties have filed cross-motions for summary judgment. For the reasons set forth below, I shall grant defendants' mo-

tion for summary judgment and deny plaintiffs' motion for summary judgment.

## I.

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Small v. Seldows Stationery*, 617 F.2d 992, 994 (3d Cir.1980). The court does not resolve questions of disputed fact, but simply decides whether there is a genuine issue of fact which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Ettinger v. Johnson*, 556 F.2d 692 (3d Cir.1977). The facts must be viewed in the light most favorable to the non-moving party, and reasonable doubt as to the existence of a genuine issue of material fact is to be resolved against the moving party. *Continental Insurance Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982). However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted). The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 252, 106 S.Ct. at 2512.

Because there is no disagreement with respect to the relevant facts, both parties agree that this matter should be decided by way of summary judgment motions.

## II.

Plaintiffs' claims arise out of events that took place on October 29, 1987. On that date, Officers Strock and Savage went to plaintiffs' personal care facility in Mountville, Pennsylvania for the purpose of executing two warrants, one for Salvatore Valenti's arrest and one for inspection of the premises. The search warrant identified items to be searched and seized as updated information on residents living at plaintiffs' personal care facility and review of certain medical records. Probable cause was based on an October 16, 1987 order issued by the Commonwealth Court ordering the closing of plaintiffs' personal care facility. The arrest warrant for Salvatore Valenti was issued because he was operating a personal care home for adults without a license in violation of Pa.Stat.Ann. tit. 62, §§ 1002 and 1031. Plaintiffs' personal care facility was subsequently ordered closed by the Commonwealth of Pennsylvania.

Upon his arrival at plaintiffs' personal care facility, Officer Savage informed Mr. Valenti that he had a warrant for his arrest and another warrant for inspection of the premises. Mr. Valenti permitted the officers access to the facility. Officers Strock and Savage entered the personal care facility accompanied by Department of Public Welfare ("D.P.W.") Officials Leslie Best and William Yovanovich. Officer Savage, Leslie Best, and William Yovanovich began searching the office records while Officer Strock stayed with Mr. Valenti.

Leslie Best requested information from Mr. Valenti concerning two new residents at his facility. Mr. Valenti, however, refused to answer any of Ms. Best's questions. Ms. Best saw Mr. Valenti's briefcase sitting on the floor and told Officer Savage that on prior visits she had found resident information in that briefcase. After Officer Savage assured Ms. Best that the briefcase was covered by the search warrant, she proceeded to look through the papers contained in Mr. Valenti's briefcase in search of the information which she had requested. Despite the fact that the Officers and D.P.W. Officials had a valid search warrant covering any information concerning residents living in plaintiffs' personal care facility and the fact that Mr. Valenti had refused to cooperate with Ms. Best thereby necessitating her search of his briefcase, Mr. Valenti went over to the table where Ms. Best was sitting and grabbed from her possession the papers from his briefcase. He then proceeded to run towards the back door of the facility with the admitted intention of placing the papers in his vehicle which was parked

near the back door. Officer Strock ran after Mr. Valenti and grabbed him from behind. Rather than peacefully yielding to the police officer's authority and turning over the papers, Mr. Valenti continued to struggle with the officer in an attempt to break free from his grasp. During that struggle, Officer Strock collided with the kitchen counter and both men fell to the floor. While once again resisting the police officer's authority by attempting to get up and retrieve the papers that had scattered on the floor in front of him, Mr. Valenti struck Officer Strock in the nose.

After yet another brief struggle and after the officers pulled Mr. Valenti to his feet, Officers Strock and Savage arrested Mr. Valenti for assaulting a police officer and resisting arrest. They transported Mr. Valenti to Manor Township Police Station where a criminal complaint was prepared and then to District Justice Herman's Office where Mr. Valenti was arraigned on charges of aggravated assault and resisting arrest. Bail was set at $7,500.00. Because Mr. Valenti could not post bail, he was transported to Lancaster County Prison. He was later released from custody on November 3, 1987 after a friend posted bail on his behalf. On or about May 2, 1988, the Prosecuting Officer decided that he would not prosecute the charges against Mr. Valenti and made a formal *nolle prosequi* entry on the record.

## III.

### A. Federal Claims

■ Plaintiffs contend that Officers Strock and Savage are liable to Mr. Valenti for unlawful arrest, illegal seizure of his person, and illegal detention in violation of his federal constitutional rights under the fourth and fourteenth amendments.

■ To be constitutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Merriwether*, 382 Pa.Super. 411, 555 A.2d 906, 910 (1989). Probable cause for a warrantless arrest exists when, "at the time of the arrest, the facts and circumstances within the officer's knowledge are 'sufficient to

warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *United States v. Glasser*, 750 F.2d 1197, 1205 (3d Cir.1984) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964)). In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court adopted a "totality of the circumstances" approach to evaluating whether probable cause exists for the issuance of a search warrant. *Id.* at 230–241, 103 S.Ct. at 2328–34. The determination by a police officer that probable cause exists for a warrantless arrest is fundamentally a factual analysis that must be performed by the officer at the scene.

■ The ultimate finding of guilt or innocence, or dismissal of charges arising out of an arrest and detention has no bearing on whether the arrest was valid. *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Otherwise, every time charges filed against an arrestee were dismissed or dropped, the police officers involved would be liable for false arrest or violations of the arrestee's civil rights. *Id.* The conduct alleged to constitute a deprivation of constitutional rights must have been unreasonable under the circumstances and facts known by the police officer at the time the conduct occurred.

■ Where there is no genuine issue as to any material fact and where credibility conflicts are absent, the issue of probable cause may be resolved by summary judgment. *Deary v. Three Un–Named Police Officers*, 746 F.2d 185, 192 (3d Cir.1984). When it is appropriate to determine the issue of probable cause by summary judgment, it is the function of the court to determine whether the objective facts available to the officers at the time of the arrest were sufficient to justify a reasonable belief that an offense was committed or was being committed. *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir.1984).

Officers Strock and Savage arrested Mr. Valenti for assaulting a police officer and resisting arrest in violation of 18 Pa.Cons. Stat.Ann. §§ 2702(a)(3) and 5104. Section

2702, entitled "Aggravated assault," provides in pertinent part:

(a) **Offense defined.**—A person is guilty of aggravated assault if he:

....

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer or firefighter in the performance of duty....

Section 5104, entitled "Resisting arrest or other law enforcement," provides as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

Based on the undisputed facts, it is clear that Officers Strock and Savage had probable cause to arrest Mr. Valenti for assaulting a police officer and resisting arrest. Despite the fact that the Officers had a valid search warrant for plaintiffs' personal care facility covering any information pertaining to residents, Mr. Valenti grabbed the papers that Ms. Best, a D.P.W. Official, was reviewing and proceeded to run towards that back door, admittedly with the intention of going to his car. Knowing (1) that they had an arrest warrant for Mr. Valenti for operating a personal care facility without a license in violation of Pennsylvania law, (2) that Mr. Valenti knew that they had a warrant for his arrest, and (3) that he was headed for the rear exit door with documents covered by the search warrant, it was reasonable for Officers Strock and Savage to assume that Mr. Valenti was attempting to escape from the premises. Therefore, Officer Savage was justified in using force to overcome Mr. Valenti's resistance. Even after Officer Strock grabbed Mr. Valenti from behind to prevent him from leaving the premise, Mr. Valenti continued to struggle with Officer Strock. In fact, Mr. Valenti never peacefully submitted to the police officers. It was not until after the third struggle that the police officers were able to get Mr. Valenti under control, at which time the officers handcuffed Mr. Valenti and placed him under arrest.

Not only did Mr. Valenti resist the authority of the police officers who had a valid warrant for his arrest in their possession, but he also struck Officer Strock in the nose as he was attempting to escape from his custody. Therefore, I conclude that plaintiffs have *not* submitted sufficient evidence in support of their claims for a jury to return a verdict in their favor. I further conclude that, based upon the facts and circumstances at the time of the arrest, Officers Strock and Savage were justified in their belief that Mr. Valenti had resisted arrest and assaulted a police officer and, thus, had probable cause to arrest Mr. Valenti on those charges. Consequently, Mr. Valenti's claims against officers Strock and Savage for unlawful arrest, illegal seizure of his person, and illegal detention in violation of his federal constitutional rights under the fourth and fourteenth amendments must fail. As the court in *Commonwealth v. McGlory*, 226 Pa.Super. 493, 313 A.2d 326, 327 n. 1 (1973), said:

If the instant case does not supply [probable] cause, we would be hard-pressed to identify an appropriate and lawful set of circumstances.

### B. State Claims

Plaintiff Salvatore Valenti also claims that Officers Strock and Savage are liable to him for state law claims of false arrest, false imprisonment, and malicious prosecution.

A false arrest is one made without probable cause.

Probable cause exists where the facts and circumstances at the time of the arrest would warrant a reasonable person in believing that an offense had been committed and that the suspect was the perpetrator of the offense.

*Commonwealth v. Merriwether*, 382 Pa. Super. 411, 555 A.2d 906, 910 (1989). As already determined with respect to Mr. Valenti's federal claims, it is clear that, at the time of the arrest, Officers Strock and Sav-

age had probable cause to arrest Mr. Valenti for aggravated assault and resisting arrest. Hence, Mr. Valenti's state claim for false arrest must fail.

To make out a claim for false imprisonment, two elements are required: (1) the detention of the person, and (2) the unlawfulness of that detention. *Cohen v. Lit Bros.*, 166 Pa.Super. 206, 70 A.2d 419, 421 (1950). When an arrest is illegal (i.e. a false arrest), a cause of action for false imprisonment arises. Pa. Suggested Standard Civil Jury Instructions, Instr. No. 13.-04, Subcommittee Note at p. 3 & p. 3 n. 1. Because I conclude that Mr. Valenti's arrest was based on probable cause and, thus, *not* unlawful, his state claim for false imprisonment must also fail.

Finally, Mr. Valenti claims that he was maliciously prosecuted. The tort of malicious prosecution can be established only if plaintiff can prove (1) that defendants initiated criminal charges against him, (2) without probable cause, (3) out of malice or for a purpose other than bringing plaintiff to justice, and (4) that the criminal proceeding ultimately ends in plaintiff's favor. *Lee v. Mihalich*, 847 F.2d 66, 69–70 (3d Cir.1988); *Bussard v. Neil*, 616 F.Supp. 854, 857 (M.D.Pa.1985). *See also Kosta v. Connolly*, 709 F.Supp. 592, 595 n. 3 (E.D. Pa.1989). Therefore, I must reject Mr. Valenti's claim of malicious prosecution because he cannot establish that Officers Strock and Savage did not have probable cause to arrest him for assaulting a police officer and resisting arrest.

## C. Liability of Police Chief Sheeler

Plaintiff Salvatore Valenti maintains that Police Chief Sheeler is liable for (1) ordering Officers Strock and Savage to assist the D.P.W. Officials on October 29, 1987 in executing the search warrant on plaintiffs' personal care facility, and (2) failing to properly supervise, train, or instruct Officers Strock and Savage. Mr. Valenti contends that Police Chief Sheeler's actions subjected him to false arrest, false imprisonment, and violations of his federal constitutional rights under the fourth and fourteenth amendments.

Police Chief Sheeler did *not* violate plaintiff's federal constitutional rights or any state common laws by ordering Officers Strock and Savage to assist D.P.W. Officials in executing the search warrant on plaintiffs' personal care facility. As admitted by plaintiffs, the search warrant was validly issued based upon probable cause. In addition, because I conclude that the conduct of Officers Strock and Savage was reasonable under the circumstances and based upon probable cause, Police Chief Sheeler is *not* liable for failing to train or adequately supervise Officers Strock and Savage. Therefore, Mr. Valenti's claims against Police Chief Sheeler must fail.

## D. Claim of Co-plaintiff Paula Valenti

Although it is not clear from the complaint, it appears that the claim of Paula Valenti, Salvatore Valenti's wife, against defendants is a state claim for loss of consortium. A cause of action for loss of consortium is a separate cause of action belonging to the spouse who has lost the consortium and is derivative in the sense that it arises as a result of injury to the other spouse. Because I conclude that Salvatore Valenti was *not* injured as a result of any unconstitutional or unlawful conduct of the defendants, Paula Valenti's loss of consortium claim against defendants must necessarily fail.

## IV.

First, Officers Strock and Savage had probable cause to arrest Salvatore Valenti for aggravated assault and resisting arrest. Therefore, Mr. Valenti's claims against Officers Strock and Savage for false arrest, false imprisonment, malicious prosecution, and violations of his federal constitutional rights under the fourth and fourteenth amendments must fail. Second, because the conduct of Officers Strock and Savage was reasonable and appropriate under the circumstances, Police Chief Sheeler is *not* liable to Mr. Valenti for failing to train or adequately supervise Officers Strock and Savage. Third, Police Chief Sheeler is also *not* liable to Mr. Valenti for ordering Officers Strock and Savage to assist D.P.W. Officials in executing the

search warrant because the search warrant was validly issued based on probable cause. Finally, Paula Valenti's derivative claim for loss of consortium must fail because Mr. Valenti was *not* injured as a result of any unconstitutional or unlawful conduct of the defendants.