**Michael A. TREXLER, Plaintiff,**

v.

**Officer DOMBROW, et al., Defendants.**

**Civ. A. No. 93–2003.**

United States District Court,
E.D. Pennsylvania.

Nov. 4, 1993.

Michael A. Trexler, pro se.

William F. Holsten, II, Holsten & White, Media, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter involves a request by defendants, Officer Dombrow, Chester Township and Aston Township, to either strike out plaintiff's complaint and dismiss the action or enter default judgment pursuant to Fed. R.Civ.P. 37(b)(2). Defendants' motion is unopposed. For the following reasons, defendants' motion will be granted.

First, under Fed.R.Civ.P. 41(b), a court may dismiss a case for failure by plaintiff to prosecute or to comply with the rules or any order of the court. When determining whether to dismiss a case under this rule, courts examine the following factors to determine if dismissal is appropriate:

1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions;

and 6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3rd Cir.1984). Courts need not find that all factors weigh in favor of dismissal in order to justify a decision to dismiss. *Wade v. Wooten,* No. CIV.A. 90–2373, 1993 WL 298715, at 2 (E.D.Pa. July 30, 1993).

Plaintiff, a pro se litigant who is currently in prison, filed his complaint alleging violations of 42 U.S.C. § 1983 on May 18, 1993. Discovery was scheduled to be completed by September 23, 1993. On June 29, 1993, defendants served interrogatories and a request for production of documents on plaintiff by certified mail, and thereafter sent a second set of simplified interrogatories by certified mail, in light of plaintiff's pro se status. Despite a letter from defendants requesting plaintiff to respond to the interrogatories and request for production, plaintiff failed to respond. Defendants then filed a request to take the deposition of plaintiff pursuant to Fed.R.Civ.P. 30(a). On August 23, 1993, defendants filed a motion to compel discovery, which again was sent to plaintiff by certified mail. Plaintiff failed to respond to this motion, and this Court granted defendants' motion to compel, giving plaintiff five days in which to comply with the order. This Court also granted defendants' request to take plaintiff's deposition.

Despite the court order, plaintiff did not comply with the order compelling discovery, nor did he seek any extension of the discovery deadline. Further, plaintiff did not serve any discovery upon defendants. Finally, plaintiff has not responded to the present motion by defendants, which was filed on September 29, 1993 and sent by mail to plaintiff in prison and also to his home.

Based on the facts in this case, dismissal is appropriate. First, since plaintiff is proceeding pro se, any delay or failure to comply has purely been the result of plaintiff's own actions, and not those of any attorney representing plaintiff. *See Wade,* 1993 WL 298715, at 3. Thus, plaintiff is responsible for not pursuing this case. Second, defendants have provided evidence that because of plaintiff's failure to respond to discovery, they are prejudiced because they cannot adequately defend themselves. Given that one of the defendants is a police officer whose reputation in the community is at stake, he will indeed be prejudiced if he is not able to present an adequate defense. *See id.* (in finding there was prejudice from plaintiff's inaction, court stated "[a]lthough plaintiff is proceeding without the benefit of an attorney, he must make at least an effort to litigate his claim."). Third, as previously indicated, plaintiff has been dilatory in pursuing this claim; indeed, he has not proceeded any further since the filing of his complaint some six months ago. *See id.* Fourth, while there is no evidence that plaintiff's actions have been in bad faith, they most certainly have been willful, as he has failed to comply with orders compelling him to comply with discovery. *See id.* at 4. Fifth, there does not appear to be any appropriate alternative sanctions in this case. Plaintiff is proceeding *in forma pauperis,* thus, any assessment of attorney's fees against him would be ineffective as he has no money to pay them with. *See id.* Further, given that plaintiff has not responded to any of defendants' requests or motions, there is no indication that plaintiff would take advantage of any extensions of time that might be granted. Finally, it is not possible to determine the meritoriousness of plaintiff's claims at this point because there is no evidence in the record from which to make any such determination. However, while all of the elements in *Poulis* are not met here, the overwhelming evidence of plaintiff's utter lack of prosecuting this case dictates that it should be dismissed.

Moreover, our decision to dismiss is supported by two other reasons. Under Rule 20(c) of the local Rules of Civil Procedure, a court may treat a motion as uncontested in the absence of a timely response. Plaintiff's response to the present motion was due by October 15 at the latest, which was nearly three weeks ago. Clearly, if plaintiff was concerned that the case would be dismissed, he would have made some efforts to respond to defendants' motion. Further, this Court has the authority to dismiss the case or render a judgment by default pursuant to Rule 37(b)(2) of the Federal Rules of Civil

Procedure. Thus, for all of these reasons, this case will be dismissed with prejudice.

### ORDER

AND NOW, this 4th day of November, 1993, upon consideration of the unopposed motion of defendants to strike out complaint and dismiss the action or enter default judgment pursuant to Fed.R.Civ.P. 37(b)(2), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that this action is DISMISSED and all claims against defendants Officer Dombrow, Chester Township and Aston Township shall be dismissed with prejudice.