**Barry C. MASTROMATTEO, Plaintiff,**

v.

**Officer Wayne SIMOCK, Defendant.**

No. 93–CV–3355.

United States District Court,
E.D. Pennsylvania.

Oct. 27, 1994.

See also, 849 F.Supp. 25.

Barry C. Mastromatteo, Bellefonte, PA, for plaintiff.

Blake C. Marles, Irene Chiavaroli Johns, Weaver, Mosebach, Piosa, Hixson & Marles, Allentown, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil rights matter has been brought before the Court by motion of the defendant,

Officer Simock, who is seeking an order of summary judgment. The *pro se* plaintiff, Barry C. Mastromatteo, has countered with his own motion seeking an award of summary judgment. For the reasons that follow, the plaintiff's motion will be denied, while the defendant's motion will be granted in part and denied in part.

## I. *HISTORY OF THE CASE*

The plaintiff in this case is Barry C. Mastromatteo, an inmate at the Rockview State Correctional Institute in Bellefonte, Pennsylvania, who has brought this action under 42 U.S.C. § 1983 against Officer Wayne Simock, the defendant, a police officer in Allentown, Pennsylvania. In his complaint, Mr. Mastromatteo alleges that he was deprived of a constitutional right by a police officer acting under color of state law. Further, Mr. Mastromatteo has raised pendent claims under Pennsylvania law for malicious prosecution, false imprisonment and intentional infliction of emotional distress.

The facts supporting Mr. Mastromatteo's complaint, over which there is some dispute, are as follows. On December 19, 1991, Mr. Mastromatteo was arrested by Detective Michael Pummer of the Allentown Police Department after forging and cashing two checks at a supermarket. After receiving his *Miranda* warnings, Mr. Mastromatteo waived his right to remain silent and confessed to the forgery. Prior to Mr. Mastromatteo's confession, Officer Simock conducted a search of Mr. Mastromatteo incident to the arrest. According to Officer Simock, the search uncovered, among other items, a hypodermic needle with a cap on it. Officer Simock further contends that he noticed needle marks on Mr. Mastromatteo's arm, and that Mr. Mastromatteo voluntarily mentioned that he used the needle to inject cocaine. For his part, Mr. Mastromatteo states that the search revealed a syringe, a broken needle, and an empty bottle of insulin. Further, Mr. Mastromatteo contends Officer Simock could not have noticed needle marks on his arm since he was wearing a long-sleeve shirt at the time of the search.

Officer Simock disposed of the needle in a hazardous waste can. He then completed several police reports describing the incident, as well as a criminal complaint and an affidavit of probable cause for the charge of possession of drug paraphernalia,[1] a misdemeanor. Mr. Mastromatteo was later arraigned on the forgery charge and thereafter was committed to Lehigh County prison in lieu of bail. On December 26, 1991, the criminal complaint and affidavit of probable cause on the drug paraphernalia charge were filed. Based upon the complaint and affidavit of probable cause, a Lehigh County District Justice issued a warrant for Mr. Mastromatteo's arrest. On that same day, Officer Simock issued a detainer against Mr. Mastromatteo. Meanwhile, a detainer had been lodged against Mr. Mastromatteo on December 24, 1991 for parole violations in Lancaster County.

On January 15, 1992, Mr. Mastromatteo posted bail on the forgery charge, but he was not released. Mr. Mastromatteo claims he was not released because of the detainer lodged against him by Officer Simock concerning the drug paraphernalia charge. Officer Simock contends that Mr. Mastromatteo was not released because of the detainer lodged against him by Lancaster County for the parole violation. On January 22, 1992, Mr. Mastromatteo was arrested for the drug paraphernalia charge and brought before a Lehigh County District Justice. Mr. Mastromatteo paid bail, but was returned to a Lehigh County prison because of the detainer lodged against him by Lancaster County for a parole violation. On the morning of January 23, 1992, Mr. Mastromatteo was transferred to Lancaster County prison. Finally, on February 14, 1994, the drug paraphernalia charge was dismissed when Officer Simock failed to appear at a preliminary hearing.

Mr. Mastromatteo asserts an entitlement to relief based upon the following theory. He claims that from January 15 until Janu-

---

1. Mr. Mastromatteo was charged with violating section 780–113(32) of Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.Stat. §§ 780–101—780–144 (West 1993), which prohibits "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of ... introducing into the human body a controlled substance in violation of this act."

ary 22, he was held in Lehigh County prison because of the detainer lodged against him arising from the drug paraphernalia charge. Mr. Mastromatteo further asserts that Officer Simock did not have probable cause to believe that Mr. Mastromatteo had violated the drug paraphernalia statute, and that he manufactured facts to support probable cause in the criminal complaint and affidavit. But for Officer Simock's alleged misdeeds, Mr. Mastromatteo contends, he would have been transferred to Lancaster County when he paid bail on the forgery charge on January 15. Instead of being transferred to Lancaster County, however, Mr. Simock was required to spend an extra seven days in Lehigh County jail for pursuant to the drug paraphernalia detainer, time for which he received no credit.

## II. *DISCUSSION*

### A. *The Summary Judgment ·Standard*

This Court is authorized to award summary judgment "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the Court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509-11, 91 L.Ed.2d 202 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of W. Chester,* 891 F.2d 458, 460 (3d Cir.1989) (citing *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Boiled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

■ In cases where the parties have filed cross motions for summary judgment, as the parties have in the present action, each side contends that no issues of material fact exist. Yet the standard under which the Court weighs the merits of the motions does not change simply because cross-motions have been filed. *United States v. Hall,* 730 F.Supp. 646, 648 (M.D.Pa.1990). Each party must establish that no issues of fact exist and that it is entitled to judgment as a matter of law. As a result, a case will not necessarily be decided at the summary judgment stage merely because cross-motions have been filed. *Id.* (citing *Rains v. Cascade Indus.,* 402 F.2d 241, 245 (3d Cir.1968)). If a disputed issue of material fact exists, both summary judgment motions will fail. With these principles in mind, the Court turns to the substance of the motions.

### B. *Section 1983 Claim*

The plaintiff's complaint asserts an entitlement to relief under 42 U.S.C. § 1983. Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (West 1994). Thus, to properly state a section 1983 claim, a plaintiff must allege a deprivation of a right guaranteed by the Constitution or the laws of the United States by a defendant acting under color of law. *Tunstall v. Office of Judicial Support,* 820 F.2d 631, 633 (3d Cir.1987) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978)). Mr. Mastromatteo contends that he was arrested and incarcerated without probable cause to believe that he was involved in criminal activity, and that his rights under

the Fourth and Fourteenth Amendments to the Constitution were violated.

Officer Simock now brings this motion, and argues that the facts on the record compel a finding that he is entitled to judgment as a matter of law. Further, Officer Simock asks for an award of summary judgment on one of three bases: (1) that he enjoys a qualified immunity from the lawsuit, (2) that probable cause existed for the arrest on the drug paraphernalia charge, or (3) that the plaintiff failed to prosecute his case in accordance with Fed.R.Civ.P. 41(b).

### 1. *Violation of Plaintiff's Constitutional Rights*

Officer Simock first argues that he is entitled to summary judgment because Mr. Mastromatteo cannot show that he was deprived of any constitutional right as a result of Officer Simock's conduct. Specifically, Officer Simock argues that Mr. Mastromatteo did not spend any time in prison as a result of the drug paraphernalia detainer. The record reveals that Mr. Mastromatteo was incarcerated on December 19, 1991 after his arrest on the forgery charge. A detainer was lodged against Mr. Mastromatteo on December 24 for a parole violation in Lancaster County. Two days later, a warrant for his arrest charge was issued and a detainer was lodged arising from the drug paraphernalia charge. Mr. Mastromatteo remained incarcerated until January 15, 1992, when he paid bail on the forgery charge. Instead of being released, however, Mr. Mastromatteo was returned to Lehigh County prison until he was arrested and paid bail for the drug paraphernalia charge on January 22.

■ From these facts, a jury could infer that Mr. Mastromatteo was returned to Lehigh County prison as a result of either the parole violation detainer or the drug paraphernalia detainer. Therefore, the Court has been presented with a disputed issue of material fact concerning why Mr. Mastromatteo was not released from Lehigh County prison after he paid bail on the forgery charge. Since Officer Simock must prevail if a jury determines that Mr. Mastromatteo's incarceration was unrelated to the drug paraphernalia detainer, Mr. Mastromatteo's motion for summary judgment must be denied.

### C. *Probable Cause*

■ Officer Simock asserts an entitlement to summary judgment based on the fact that probable cause existed to arrest Mr. Mastromatteo on the drug paraphernalia charge. The gravamen of the plaintiff's complaint is that Officer Simock concocted the facts to support the affidavit of probable cause, and that Mr. Mastromatteo spent unnecessary time in prison as a result. Thus, while the issue as to whether probable cause existed is a legal one, the relevant issue here is whether Officer Simock manufactured the facts to support probable cause. This a factual matter over which there is some dispute. *See Burt v. Ferrese,* 871 F.2d 14, 16 (3d Cir.1989) (existence of a general issue of material fact concerning whether plaintiff's arrest was founded on probable cause precluded an award of summary judgment for defendants); *Deary v. Three Un–Named Police Officers,* 746 F.2d 185, 191–92 (3d Cir.1984) (determination of "the ultimate fact of probable cause or lack of it" is a jury function, such that disposition at summary judgment would be inappropriate). As a result, to award summary judgment to either party on the grounds that probable cause either did or did not exist would be to usurp the jury function. Accordingly, summary disposition is inappropriate.

### D. *Qualified Immunity*

■ The United States Supreme Court has noted that government officials, when performing discretionary duties, are entitled to a qualified immunity, one that "shield[s] them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Accordingly, a government official will not be immune from a lawsuit if the law violated is one that is clearly established, such that a reasonable official would have known he was acting in violation of it. *Good v. Dauphin County Social Servs.,* 891 F.2d 1087, 1091 (3d Cir. 1989). Even if a plaintiff alleges the sort of official activity that would result in the loss

of immunity, however, a defendant will still prevail at summary judgment if the plaintiff has failed to unearth sufficient evidence during discovery to raise an issue of fact as to whether the defendant committed the acts. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Thus, in order for Mr. Mastromatteo to survive this summary judgment motion, he must clear two hurdles. He must first allege in his complaint that the defendant has committed some act, the illegality of which is clearly established. Second, he must demonstrate the existence of an issue of fact as to whether Officer Simock conducted himself in the manner alleged in the complaint.

■ Upon review of the evidence, this Court concludes that Officer Simock is not entitled to immunity. In the first instance, it is clear that Officer Simock's conduct, as alleged in the complaint, is clearly in violation of the law. *See Burt,* 871 F.2d at 16 (filing of criminal charges without probable cause actionable under section 1983); *Cooper v. City of Chester,* 810 F.Supp. 618, 621 (E.D.Pa.1992) (civil rights plaintiff properly makes out a cause of action where arresting officer lacks probable cause); *Valenti v. Sheeler,* 765 F.Supp. 227, 230 (E.D.Pa.1991) (no constitutional violation as long as probable cause is present). Further, Mr. Mastromatteo has raised an issue of fact concerning whether Officer Simock engaged in the activity alleged. Mr. Mastromatteo's allegations are supported not only by his deposition testimony, but also by the arrest and booking sheet filled out by Detective Pummer on December 19, 1991, which was attached to Officer Simock's motion as Exhibit 1. The report contains blank spaces where an arresting officer can make notations concerning, among other things, an arrestee's facial hair, facial features, speech, and needle marks; and while the blanks addressing facial hair and facial features are filled out, the blank addressing needle marks is left blank.[2] This is at least some evidence that needle marks were not observed on the day of Mr. Mastromatteo's arrest. Because Mr. Mas-

tromatteo has raised an issue of fact concerning Officer Simock's unlawful conduct, Officer Simock cannot be granted an award of summary judgment on the grounds that he is immune from the lawsuit.

E. *Failure to Prosecute*

■ Officer Simock also contends that he should be awarded summary judgment on the grounds that Mr. Mastromatteo has failed to prosecute his claim. Specifically, Officer Simock argues that while he was able to depose Mr. Mastromatteo, he has yet to receive either Mr. Mastromatteo's answers to interrogatories or a response to the request for admissions. Fed.R.Civ.P. 41(b) provides that a court may dismiss an action if the plaintiff fails "to prosecute or to comply with these rules or any order of court." Rule 41(b). In *Trexler v. Dombrow,* 835 F.Supp. 247, 247–48 (E.D.Pa.1993), this Court identified the factors to examine when weighing a motion to dismiss for want of prosecution. These factors include, among others, (1) the prejudice to the defendant caused by the plaintiff's failure to comply and (2) whether the failure to comply revealed an absence of good faith. *Id.* (citing *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984)).

■ Applying these factors to the case at hand, the Court finds that Officer Simock has not been prejudiced by Mr. Mastromatteo's failure to respond to Officer Simock's interrogatories and request for admissions. The record reveals that Officer Simock had an opportunity to conduct a thorough deposition of Mr. Mastromatteo more than a month after he served the other discovery requests upon the plaintiff. Further, Officer Simock has not pointed to any information that he was unable to acquire during the discovery process. Thus, it appears that Mr. Mastromatteo's failure to respond is due largely to the fact that he is in prison and lacks representation and resources, and not that he is attempting, in bad faith, to obfuscate the discovery process. As a result, this Court

**2.** The arrest and booking sheet completed by Officer Simock does make reference to needle

marks on Mr. Mastromatteo's arm.

declines to dismiss the action under Rule 41(b).

### F. Pendent Claims

Mr. Mastromatteo raises the pendent claims of false imprisonment, malicious prosecution, and intentional infliction of emotional distress.

#### 1. False Imprisonment and Malicious Prosecution

██ Under Pennsylvania law, the torts of false imprisonment and malicious prosecution are substantially similar. To prevail on a false imprisonment claim, a plaintiff must show that he was detained unlawfully. *Valenti*, 765 F.Supp. at 232 (citing *Cohen v. Lit Bros.*, 166 Pa.Super. 206, 70 A.2d 419, 421 (1950)). A false imprisonment claim is normally triggered by an unlawful arrest, that is, one made without probable cause. *Id.* Similarly, a claim for malicious prosecution is properly pleaded when the plaintiff alleges that (1) the defendant initiated a criminal proceeding against him, (2) without probable cause, (3) for some purpose other than to bring the plaintiff rightfully to justice, and (4) the proceeding is resolved in the plaintiff's favor. *Id.* (citing *Lee v. Mihalich*, 847 F.2d 66, 69–70 (3d Cir.1988)).

██ Mr. Mastromatteo has properly pleaded facts that support these two causes of action. Moreover, as noted above, there are sufficient facts on the record, in the deposition testimony and on the police arrest and booking sheet, to create a genuine issue for trial as to whether probable cause existed at the time Officer Simock filed the criminal complaint and affidavit of probable cause. Since the material facts supporting these claims remain in dispute, this Court may not properly award summary judgment to either party.

#### 2. Intentional Infliction of Emotional Distress

██ Pennsylvania courts have permitted recovery under the theory of intentional infliction of emotional distress only in a limited number cases. In order for a plaintiff to recover under this theory of liability, therefore, the defendant must have acted in a manner "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Salerno v. Philadelphia Newspapers*, 377 Pa.Super. 83, 91, 546 A.2d 1168, 1172 (1988) (citations and internal quotations omitted); *Rinehimer v. Luzerne County Community College*, 372 Pa.Super. 480, 494, 539 A.2d 1298, 1305 (citations omitted), *appeal denied*, 521 Pa. 606, 555 A.2d 116 (1988). Further, the Pennsylvania courts have limited recovery to only those plaintiffs who have suffered severe emotional turmoil as a result of a defendant's behavior. The Pennsylvania Supreme Court has enunciated an objective standard, permitting recovery only "where a reasonable person normally constituted would be unable to adequately cope with the mental stress engendered by the circumstances of the event." *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 193–94, 527 A.2d 988, 993 (1987) (citation omitted).

Applying these principles to the instant matter, this Court concludes Officer Simock's motion for summary judgment must be granted with respect to this claim. First, while Officer Simock's alleged conduct, if proven, is certainly deplorable, it does not sink to the level that can properly be termed "atrocious and utterly intolerable in a civilized society." *Salerno*, 377 Pa.Super. at 91, 546 A.2d at 1172. Further, Mr. Mastromatteo has not raised a shred of evidence to indicate that he has suffered extreme emotional injury as a result of Officer Simock's conduct. Accordingly, Mr. Mastromatteo's intentional infliction of emotional distress claim cannot survive this motion.

### III. CONCLUSION

For the reasons stated above, Mr. Mastromatteo's motion for summary judgment will be denied. Furthermore, Officer Simock's motion for summary judgment will be granted with respect to the intentional infliction of emotional distress claim. In all other respects, however, Officer Simock's motion for summary judgment will be denied. An appropriate order follows.

**860**

*ORDER*

AND NOW, this 27th day of October, 1994, upon consideration of the Cross–Motions for Summary Judgment, it is hereby OR-DERED, for the reasons set forth in the preceding memorandum, that the Plaintiff's Motion for Summary Judgment is DENIED. It is further ORDERED that the Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART as follows:

1. The Defendant's Motion for Summary Judgment with respect to the Civil Rights claim is DENIED.

2. The Defendant's Motion for Summary Judgment with respect to the Malicious Prosecution claim is DENIED.

3. The Defendant's Motion for Summary Judgment with respect to the False Imprisonment claim is DENIED.

4. The Defendant's Motion for Summary Judgment with respect to the Intentional Infliction of Emotional Distress claim is GRANTED.